IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LYNN PROPERTIES, LLC,

                Plaintiffs,                            ORDER

     v.                                            21-cv-305-wmc

JTH TAX INC., AND HARTFORD
FIRE INSURANCE COMPANY,

                Defendants.

---

In this civil action, plaintiff Lynn Properties, LLC, asserts claims of negligence and breach of contract against defendants JTH Tax Inc. and Hartford Fire Insurance Company for alleged property damage to a building located in Portage, Wisconsin. (Compl. (dkt. #1-1).) Invoking this court's diversity jurisdiction, defendant JTH subsequently removed the action under 28 U.S.C. §§ 1332, 1441 and 1446. (Not. of Removal (dkt. #1).) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, however, JTH must file an amended notice of removal containing the necessary allegations or face remand back to state court.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties *and* an amount in controversy exceeding $75,000, *or* raises a federal question, the case must be dismissed for

1

want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).  Because of this, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

Here, defendant contends in its notice of removal that diversity jurisdiction exists because:  (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse.  (Not. of Removal (dkt. #1) ¶ 1.)  For the latter to be true, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant.  *Smart*, 562 F.3d at 803.  However, defendant's allegations as to the citizenship of the plaintiff prevents this court from determining if this is so.

"The citizenship of an LLC is the citizenship of each of its members," yet defendant does not even name plaintiff Lynn Properties' members, much less properly allege their citizenships, making it impossible to determine whether complete diversity actually exists here.  *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).  Instead, defendant alleges that it is "a Wisconsin limited liability company with its principal place of business in Middleton, Wisconsin."  (Not. of Removal (dkt. #1) ¶ 8.)  As the Seventh Circuit has instructed repeatedly, while relevant if plaintiff had been a traditional corporation, this alleged information is *wholly irrelevant* in deciding the citizenship of a limited liability company.  *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).  Unfortunately, plaintiff's complaint also contains no further, relevant information about its citizenship.  (*See* Compl. (dkt. #1-1).)

Before remanding this action for lack of subject matter jurisdiction, defendant JTH will be given leave to file an amended notice of removal adequately alleging subject matter jurisdiction, including the names and citizenship of each member of the plaintiff LLC. In alleging the LLC's citizenship, defendant should be aware that if any members of the LLC are *themselves* limited liability companies, partnerships, or other similar entities, then the citizenship of the members and partners of those entities must also be properly alleged. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Failure of defendant to complete this process within 14 days will result in remand of this action back to state court.

ORDER

IT IS ORDERED that:

1) defendant JTH Tax, Inc., shall have until May 28, 2021, to file an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 18 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 14th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge