IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LYNN PROPERTIES, LLC,

                          Plaintiff,                                    ORDER

          v.
                                                              21-cv-305-wmc
JTH TAX INC., & HARTFORD
FIRE INSURANCE COMPANY,

                          Defendants.

The court issues this brief opinion and order to address the corporate status and citizenship of defendant JTH Tax Inc. a.k.a. JTH Tax LLC (hereinafter referred to simply as "JTH Tax"). This case was originally filed in state court, after which JTH Tax removed to this federal court by invoking diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. (Not. of Removal (dkt. #1).)

JTH Tax represented in both its notice of removal and amended notice of removal that is a Virginia corporation with its principal place of business in Virginia Beach, Virginia. (*See* Not. of Removal (dkt. #1) ¶ 9; Am. Not. of Removal (dkt. #9) ¶ 9.) However, in its motion to dismiss, defendant now represents that it converted from a corporation to an LLC in 2019. (Def.'s Mot. to Dismiss (dkt. #6) 1 n.1.)

If JTH Tax is now in fact an LLC, then this court has insufficient information to determine whether it has jurisdiction over this dispute. A party invoking a federal court's diversity jurisdiction has the burden of establishing that complete diversity exists between the parties; meaning the plaintiff cannot be a citizen of the same state as any defendant. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Further,

"[t]he citizenship of an LLC is the citizenship of each of its members," *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007), and allegations about an LLC's place of incorporation and principal place of business are wholly irrelevant in deciding its citizenship, *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009). Moreover, defendants should be familiar with these principles by now, having had them explained just last month after they failed to include adequate allegations to establish the citizenship of plaintiff Lynn Properties, LLC. (Dkt. #8.)

Defendant will be given *one final chance* to establish jurisdiction by filing an amended notice of removal establishing its current corporate structure. If an LLC, defendant is reminded that not only its members' citizenship must be properly pleaded, but if any of its members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of the members and partners of those entities must also be properly alleged. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Failure of defendant to complete this process within 14 days will result in remand of this action back to state court.

ORDER

IT IS ORDERED that:

1) defendant JTH Tax shall have until July 21, 2021, to file an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 18 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 7th day of July, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge